IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 1:23-mc-00378-LPS |

### STIPULATION TO OBVIATE THE NEED FOR FURTHER BRIEFING

WHEREAS, on August 17, 2023, Tenaris S.A. ("Tenaris") and Talta-Trading e Marketing Sociedade Unipessoal Lda. ("Talta") initiated this action against the Bolivarian Republic of Venezuela (the "Republic") and filed their motion seeking an order authorizing the issuance of a writ of attachment *fieri facias* of Petróleos de Venezuela, S.A. ("PDVSA")'s shares of PDV Holding, Inc. (the "Attachment Motion"). D.I. 2;

WHEREAS, on July 7, 2023, the United States Court of Appeals for the Third Circuit published its decision in *OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 73 F.4th 157 (3d Cir. 2023) ("*OIEG II*"), in which the Third Circuit (1) affirmed this Court's conclusion in *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, __ F. Supp. 3d __, No. 1:17-mc-00151-LPS, 2023 WL 2609248 (D. Del. Mar. 23, 2023) ("*OIEG I*") that PDVSA and its assets are not immune in the actions decided by *OIEG I* under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. (the "FSIA") and the doctrine of *First National City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*") and (2) declined to reach whether the attachment of PDVSA's assets is permitted;

WHEREAS, on August 2, 2023, a separate set of plaintiffs, Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd. (together, the "*Pharo Gaia* Plaintiffs"), filed a motion (the "*Pharo Gaia* Attachment Motion") seeking an order authorizing the issuance of a writ of attachment *fieri facias* of PDVSA's shares of PDV Holding, Inc., in a case pending before this Court captioned *Pharo Gaia Fund, Ltd., et al. v. Bolivarian Republic of Venezuela*, Case No. 23-mc-360-LPS (the "*Pharo Gaia* Litigation");

WHEREAS, on August 25, 2023, the Republic opposed the *Pharo Gaia* Attachment Motion, and the *Pharo Gaia* Attachment Motion is now fully briefed and pending before this Court;

WHEREAS, on August 25, 2023, PDVSA intervened in the *Pharo Gaia* Litigation; joined in the Republic's opposition to the *Pharo Gaia* Attachment Motion; and filed a motion to dismiss the *Pharo Gaia* Plaintiffs' action as to PDVSA in its entirety (the "*Pharo Gaia* Motion to Dismiss"), which is now fully briefed and pending before this Court;

WHEREAS, the Court heard argument on both the *Pharo Gaia* Attachment Motion and the *Pharo Gaia* Motion to Dismiss on September 12, 2023;

WHEREAS, Plaintiff, the Republic, and PDVSA recognize substantial overlap in the legal issues presented in the *Pharo Gaia* Litigation and in this case, and recognize that there would be efficiencies to both the parties and to the Court if the Plaintiff, the Republic, and PDVSA agreed to be bound by the Court's resolution of the legal issues raised in the *Pharo Gaia* Attachment Motion and the *Pharo Gaia* Motion to Dismiss (subject to each party's right to appeal); and

WHEREAS, on September 21, 2023, this Court approved the substitution of Gramercy Distressed Opportunity Fund LLC in place of Tenaris and Talta as plaintiff in this action ("Plaintiff"). D.I. 13.

**IT IS HEREBY STIPULATED AND AGREED,** subject to the approval of the Court:

1. The Republic hereby opposes the Attachment Motion in this case;

2. In lieu of filing a separate brief in opposition to the Attachment Motion, the Republic relies on its opposition to the *Pharo Gaia* Attachment Motion and in its supporting papers filed in the *Pharo Gaia* Litigation;

3. PDVSA hereby intervenes in this action, joins in the Republic's opposition to the Attachment Motion, and moves the Court to dismiss this action (the "Motion to Dismiss") in its entirety as to PDVSA;

4. In lieu of filing a separate brief in support of its Motion to Dismiss, PDVSA relies on the brief it field in support of the *Pharo Gaia* Motion to Dismiss and its supporting papers;

5. Plaintiff hereby opposes PDVSA's Motion to Dismiss, and in lieu of filing separate briefs in further support of the Attachment Motion and in opposition to the Motion to Dismiss, they rely on the papers the *Pharo Gaia* Plaintiffs filed in the *Pharo Gaia* Litigation;

6. That, when it rules on the Attachment Motion and the Motion to Dismiss, the Court shall enter an order determining, based on the Third Circuit's decision in *OIEG II*, that PDVSA is not immune under the FSIA from the attachment sought in this action, and the Court shall further enter an order denying the Motion to Dismiss, to the extent it asserts FSIA immunity or lack of jurisdiction, in light of *OIEG II*;

7. Plaintiff, the Republic, and PDVSA agree that this Court's ruling on the *Pharo Gaia* Attachment Motion and the *Pharo Gaia* Motion to Dismiss shall be binding on the parties in the above-captioned action, subject to any party's right to appeal, such that Plaintiff's Attachment Motion shall be granted and PDVSA's Motion to Dismiss shall be denied to the extent the Court grants the *Pharo Gaia* Attachment Motion and denies the *Pharo Gaia* Motion to Dismiss; and that

Plaintiff's Attachment Motion shall be denied and PDVSA's Motion to Dismiss shall be granted to the extent the Court denies the *Pharo Gaia* Attachment Motion and grants the *Pharo Gaia* Motion to Dismiss;

8. The Republic's and PDVSA's rights to appeal from the determination that PDVSA is not immune under the FSIA from the attachment sought in this action and Plaintiff's arguments in opposition to any such appeal, are expressly preserved; and

9. The Republic and PDVSA expressly preserve their right to assert that PDVSA is immune under the FSIA from the attachment sought in this action if *OIEG II* is reversed, modified, or overruled while this action or an appeal from this action is pending in any court, and that Plaintiff expressly preserves its right to assert that PDVSA is not immune under the FSIA from the attachment sought in this action.

| | |
|---|---|
| /s/ Theodore A. Kittila | /s/ Stephen C. Childs |
| Theodore A. Kittila (#3963) | A. Thompson Bayliss (#4379) |
| HALLORAN FARKAS + KITTILA LLP | Stephen C. Childs (#6711) |
| 5801 Kennett Pike, Suite C/D | Christopher F. Cannataro (#6621) |
| Wilmington, Delaware 19807 | ABRAMS BAYLISS LLP |
| Phone: (302) 257-2025 | 20 Montchanin Road, Suite 200 |
| Email: tk@hfk.law | Wilmington, Delaware  19807 |
| | (302) 778-1000 |
| | bayliss@abramsbayliss.com |
| OF COUNSEL: | childs@abramsbayliss.com |
| Mark W. Friedman, Esq.* | cannataro@abramsbayliss.com |
| William H. Taft V, Esq.* | |
| Sarah Lee, Esq.* | OF COUNSEL: |
| Juan Fandiño, Esq.* | Donald B. Verrilli, Jr. |
| DEBEVOISE &PLIMPTON LLP | Elaine J. Goldenberg |
| 66 Hudson Boulevard | Ginger D. Anders |
| New York, New York, 11001 | MUNGER, TOLLES & OLSON LLP |
| Phone: (202) 909 6000 | 601 Massachusetts Avenue NW |
| Email: mwfriedman@debevoise.com | Suite 500 E |
| whtaft@debevoise.com | Washington, D.C. 20001 |
| slee1@debevoise.com | (202) 220-1100 |
| jfandino@debevoise.com | Donald.Verrilli@mto.com |
| (* Admission *pro hac vice* pending) | Elaine.Goldenberg@mto.com |
| | Ginger.Anders@mto.com |
| *Counsel for Plaintiff* | |
| | |
| | George M. Garvey |
| Dated: October 11, 2023 | Adeel Mohammadi |
| | MUNGER, TOLLES & OLSON LLP |
| | 350 South Grand Avenue, 50th Floor |
| | Los Angeles, CA 90071 |
| | (213) 683-9100 |
| | George.Garvey@mto.com |
| | Adeel.Mohammadi@mto.com |
| | |
| | *Counsel for Defendant Bolivarian Republic of Venezuela* |

5

/s/ *Samuel T. Hirzel, II*
Samuel T. Hirzel, II (#4415)
HEYMAN ENERIO GATTUSO &
HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law

OF COUNSEL

Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
Aubre G. Dean (*pro hac vice*)
Allesandra D. Tyler (*pro hac vice*)
CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

*Counsel for Intervenor Petróleos de Venezuela, S.A.*

SO ORDERED this __ day of _____, 2023.

_____
The Honorable Leonard P. Stark,
Judge, United States Court of Appeals

6