IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case Nos. 1:23-mc-00378-LPS; 23-mc-379-LPS |

### PETRÓLEOS DE VENEZUELA, S.A.'S MOTION TO INTERVENE

Petróleos de Venezuela, S.A. ("PDVSA") respectfully moves this Court for an order permitting it to intervene in these proceedings to seek dismissal and oppose Plaintiffs' Motions for an Order Authorizing a Writ of Attachment *Fieri Facias* [D.I. 3] ("Attachment Motions").[1] The parties have already stipulated to PDVSA's intervention in these cases.  D.I. 18 at 3.  This Court approved the parties' stipulation, and directed PDVSA to intervene and file its motion to dismiss.  D.I. 20.  Pursuant to the Court's order, PDVSA respectfully submits this motion to intervene.

### GROUNDS FOR INTERVENTION

Tenaris S.A. ("Tenaris") and Talta-Trading e Marketing Sociedade Unipessoal Lda. ("Talta") (collectively, the "Original Plaintiffs") are judgment creditors of Venezuela.  D.I. 3 at 2.  On July 17, 2020 and August 24, 2021, the United States District Court for the District of Columbia entered judgments (the "Judgments") recognizing the Original Plaintiffs' two ICSID

---

[1] "D.I." citations are to filings in No. 23-mc-00378 unless otherwise stated.

awards against the Republic. *Id.* at 4. PDVSA was not a party to the underlying arbitrations or the enforcement litigation. The Plaintiffs have no judgment against PDVSA.

On August 17, 2023, the Original Plaintiffs registered the Judgments in this Court. D.I. 1. On August 17, 2023, the Plaintiffs filed the Attachment Motions, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDV Holding Inc. (PDVH), which are wholly owned by PDVSA. D.I. 3. On September 7, 2023, Tenaris and Talta assigned all of their rights, title, and interests in the ICSID awards and the Judgments to Gramercy Distressed Opportunity Fund LLC ("Gramercy"). D.I. 12 at 1. On September 19, 2023, the Original Plaintiffs stipulated to the substitution of Gramercy as Plaintiff in place of Tenaris and Talta. *Id.* at 2. The Court accepted the stipulation on September 21, 2023. D.I. 13. On October 11 and 13, 2023, the parties filed a stipulation to obviate the need for further briefing and stipulated that PDVSA would be permitted to intervene in these actions. D.I. 18 at 3; 23-mc-379, D.I. 17 at 3. The Court approved this stipulation on October 19, 2023, and ordered PDVSA to intervene and docket its motion to dismiss. D.I. 20.

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court. With the Attachment Motions, the Plaintiff seeks to abrogate the immunity to which PDVSA is entitled under the FSIA and ultimately to execute on a judgment against the Republic by seizing and selling assets of PDVSA on the theory that PDVSA is the alter ego of the Republic.

PDVSA seeks to intervene in this action pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a)(2) and (b)(1)(B), without waiving any defenses that may be available to it, including but not limited to any defense under the FSIA.

2

I.      **PDVSA Is Entitled To Intervention As Of Right**

Pursuant to FRCP 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Courts construe Rule 24 liberally in favor of intervention." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. Nos. 14-874-SLR/SRF, 15-250-SLR/SRF, 2015 U.S. Dist. LEXIS 117422, at *5 (D. Del. Sept. 3, 2015) (citations omitted).

The Third Circuit requires four elements to intervene under FRCP 24(a)(2): "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation marks omitted). PDVSA satisfies each of these elements. Indeed, this Court has previously permitted PDVSA to intervene under similar circumstances in a number of related cases.[2]

---

[2] *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-mc-151-LPS, D.I. 17 (D. Del. Aug. 28, 2017); *OI European Group BV v. Bolivarian Republic of Venezuela*, Misc. No. 19-mc-290-LPS, D.I. 60 (D. Del. Mar. 19, 2021); *Northrop Grumman Ship Sys. Inc. v. Ministry of Def. of Republic of Venezuela*, Misc. No. 20-mc-257, D.I. 24 (D. Del. Feb. 10, 2021); *ACL1 Investments, Ltd., et al. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-0046-LPS, D.I. 15 (D. Del. Dec. 14, 2021); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-481-LPS, D.I. 20 (D. Del. June 15, 2022); *Koch Minerals v. Bolivarian Republic of Venezuela*, Misc. No. 22-mc-156-LPS, D.I. 15 (D. Del. Nov. 16, 2022); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, Misc. No. 22-mc-453-LPS, D.I. 14 (D. Del. Jan. 11, 2023); *Contrarian Capital Management L.L.C., et al v. Bolivarian Republic of Venezuela*, Misc. Nos. 21-mc-00018-LPS, 22-mc-00131-LPS, 22-mc-00263-LPS, D.I. 18 (D. Del. May 18, 2023); *Pharo Gaia Fund, Ltd., et al. v. Bolivarian Republic of Venezuela*, Case Nos. 23-mc-360-LPS, 23-mc-361-LPS, (D. Del. Aug. 23, 2023 Orders); *Lovati, et al. v.*

Timely Application. This application is timely. In construing timeliness under Rule 24, courts consider "(1) the stage of the proceeding; (2) the prejudice that delay [if any] may cause the parties; and (3) the reason for [any] delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks omitted).

This proceeding is at an early stage. The Attachment Motions were filed on August 17, 2023 and Plaintiff will not suffer any prejudice as a result of PDVSA's intervention. The Court has yet to decide the motions or determine – as it must prior to granting the Attachment Motions – that it has subject matter jurisdiction to adjudicate the legal status of PDVSA and order the attachment of PDVSA's property. Therefore, PDVSA is not asking the Court to revisit any earlier rulings in this case or for the parties to rebrief any issues. *See Wallach*, 837 F.3d at 378 (no prejudice where intervenors "have not sought to re-open discovery or rebrief class certification"); *Peterson v. Islamic Rep. of Iran*, 290 F.R.D. 54, 58 (S.D.N.Y. 2013) (finding that intervenors caused no prejudice to existing parties where "[t]he Court's decision on summary judgment is not affected by their intervention").

For all of these reasons, PDVSA's application to intervene is timely.

Sufficient Interest in the Litigation. The Attachment Motions seek a ruling that PDVSA is the alter ego of the Republic, and seek the eventual issuance and service of a writ of attachment against the shares of PDVH, which are wholly owned by PDVSA. The threatened seizure and sale of PDVSA's property are more than sufficient to establish the requisite interest in this matter. *See American Electronic Laboratories, Inc. v. Dopp*, 54 F.R.D. 241, 242-43 (D. Del. 1972) (pursuant to consent order, permitting bank to intervene for purpose of vacating attachment over shares of stock in which bank claimed an interest).

---

*Bolivarian Republic of Venezuela*, Case No. 23-mc-340-LPS, (D. Del. Aug. 23, 2023 Order).

Disposition of the Matter Would Impair or Threaten PDVSA's Interests. The Attachment Motions, if granted, would abrogate PDVSA's sovereign immunity under the FSIA and would authorize the eventual issuance and service of a writ of attachment against PDVSA's shares of PDVH. If successful, the attachment, and eventual execution, would permanently deprive PDVSA of its 100% ownership interest in PDVH. As a "practical matter," the relief sought in the Attachment Motions would substantially impair and threaten PDVSA's interests. *Terr. of V.I.*, 748 F.3d at 519.

Inadequate Representation. PDVSA is the 100% owner of the PDVH shares that are the target of the Attachment Motions. The Republic, the only named defendant in this action, does not have any direct interest in that property. Based on these facts, the "minimal" showing of inadequate representation required for intervention is more than satisfied. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Accordingly, PDVSA is entitled to intervene under FRCP 24(a)(2).

## II. PDVSA Should Be Permitted To Intervene

Alternatively, PDVSA should be permitted to intervene under FRCP 24(b)(1)(B). Pursuant to FRCP 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The principal consideration with a motion for permissive intervention is whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Wallach.*, 837 F.3d at 375, 377–78 (concluding that proposed intervenors' delay in filing was not undue).

As discussed above, PDVSA's motion for intervention is timely. Moreover, PDVSA has defenses that share common questions of law or fact with the main action; here, Plaintiff's

Attachment Motions. The Attachment Motions ask the Court to permit the eventual issuance and service of a writ of attachment against PDVSA's property on the theory that PDVSA is the alter ego of Venezuela. PDVSA seeks to intervene precisely so that it can defend against that claim and the attachment of its property (at the appropriate time). Finally, permitting PDVSA to intervene will not unduly delay or prejudice the original parties' rights given that the Attachment Motions have not yet been ruled on by this Court.

Accordingly, the Court should permit PDVSA to intervene under FRCP 24(b)(1)(B).

## CONCLUSION

For the reasons set forth above, PDVSA respectfully requests that the Court grant its motion for leave to intervene.

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro (*pro hac vice* pending)
Kevin A. Meehan (*pro hac vice* pending)
Juan O. Perla (*pro hac vice* pending)
Aubre G. Dean (*pro hac vice* pending)
Allesandra D. Tyler (*pro hac vice* pending)
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

Dated: October 23, 2023

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel Taylor Hirzel, II (#4415)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
shirzel@hegh.law
*Attorneys for Intervenor Petróleos de Venezuela, S.A.*