IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,<br><br>  Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>  Defendant. | Misc. Nos. 23-mc-00378-LPS;<br>23-mc-00379-LPS |

# MEMORANDUM OF LAW OF PETRÓLEOS DE VENEZUELA, S.A. IN SUPPORT OF CROSS-MOTION TO DISMISS PLAINTIFFS' MOTION FOR A WRIT OF ATTACHMENT FOR LACK OF JURISDICTION

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro (*pro hac vice* pending)
Kevin A. Meehan (*pro hac vice* pending)
Juan O. Perla (*pro hac vice* pending)
Aubre G. Dean (*pro hac vice* pending)
Allesandra D. Tyler (*pro hac vice* pending)
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
Brendan Patrick McDonnell (# 7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law
bmcdonnell@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

Petróleos de Venezuela, S.A. ("PDVSA") respectfully submits this memorandum of law in support of its cross-motion to dismiss and in opposition to Plaintiffs' Motions for an Order Authorizing a Writ of Attachment *Fieri Facias* [D.I. 3] ("Attachment Motions").[1]

## NATURE AND STAGE OF PROCEEDINGS

Tenaris S.A. ("Tenaris") and Talta-Trading e Marketing Sociedade Unipessoal Lda. ("Talta") (collectively, the "Original Plaintiffs") are judgment creditors of Venezuela. D.I. 3 at 2. On July 17, 2020 and August 24, 2021, the United States District Court for the District of Columbia entered judgments (the "Judgments") recognizing the Original Plaintiffs' two ICSID awards against the Republic. *Id.* at 4. PDVSA was not a party to the underlying arbitrations or the enforcement litigation. The Plaintiffs have no judgment against PDVSA.

On August 17, 2023, the Original Plaintiffs registered the Judgments in this Court. D.I. 1. On August 17, 2023, the Plaintiffs filed Motions for a Writ of Attachment, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDV Holding Inc. (PDVH), which are wholly owned by PDVSA. D.I. 3. On September 7, 2023, Tenaris and Talta assigned all of their rights, title, and interests in the ICSID awards and the Judgments to Gramercy Distressed Opportunity Fund LLC ("Gramercy"). D.I. 12 at 1. On September 19, 2023, the Original Plaintiffs stipulated to the substitution of Gramercy as Plaintiff in place of Tenaris and Talta. *Id.* at 2. The Court accepted the stipulation on September 21, 2023. D.I. 13.

On October 11 and 13, 2023, the parties stipulated that PDVSA would be permitted to intervene in the above-captioned actions to oppose the Attachment Motions. D.I. 18 at 3; 23-mc-379, D.I. 17 at 3. The parties further stipulated that they would rely on the dispositive briefing in the similarly-situated *Pharo Gaia* litigation, 23-mc-360, and that the Court's ruling in that case

---

[1] "D.I." citations are to filings in No. 23-mc-00378 unless otherwise stated.

2

will be binding on the parties here. D.I. 18 at 3. The Court approved this stipulation on October 19, 2023, and ordered PDVSA to intervene and docket its motion to dismiss. D.I. 20.

## ARGUMENT

### I. PDVSA and Its Property Are Entitled to Immunity under the FSIA

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court and its assets are presumptively immune from attachment and execution. *See* 28 U.S.C. §§ 1604, 1609; *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Accordingly, this Court cannot grant the Attachment Motion unless it determines that PDVSA is not entitled to immunity and that subject matter jurisdiction exists under the FSIA.

The Attachment Motions note that the Republic "agreed … that the D.D.C. [court] had jurisdiction pursuant to 28 U.S.C. § 1330(a) and the Foreign Sovereign Immunity Act's arbitration exception, 28 U.S.C. § 1605(a)(6), and did not oppose Plaintiffs' claims for recognition of the Awards." D.I. 3 at 4. PDVSA was not a party to the underlying lawsuit and therefore did not litigate the issue of or waive its jurisdictional immunity. Plaintiffs argue that the Republic's lack of immunity is binding on PDVSA on the grounds that PDVSA is the alter ego of the Republic based on *Crystallex Int'l Corp. v. Venezuela*, 932 F.3d 126 (3d Cir. 2019) and *OI European Grp. B.V. v. Republic of Venezuela*, 73 F.4th 157 (3d Cir. July 7, 2023).

Pursuant to the parties' stipulation, PDVSA agrees that the Third Circuit's decision in *OIEG* is binding on the parties in this case subject to PDVSA's right to appeal the denial of its sovereign immunity in the event the Court grants the Attachment Motions. D.I. 18 at 3-4. PDVSA and the Republic filed a petition for a writ of certiorari in *OIEG* and associated cases and PDVSA expressly reserves its right to seek relief from any judgment or order granting the Attachment

Motions in the event the Third Circuit's decision in *OIEG* is reversed, modified, or overruled. *Id.* at 4. Additionally, in the event that *OIEG* is reversed, modified, or overruled, the *Crystallex* decision would not be dispositive of PDVSA's sovereign immunity defense in this case. Lastly, as noted in the stipulation, "PDVSA relies on the brief it field in support of the *Pharo Gaia* Motion to Dismiss and its supporting papers" and incorporates the arguments therein here. *Id.* at 3. PDVSA also relies on and incorporates by reference the Republic's arguments in its opposition to the *Pharo Gaia* Attachment Motion and in its supporting papers. *Id.*

## CONCLUSION

For the reasons set forth above, this Court should grant PDVSA's motion to dismiss and deny the Attachment Motions.

HEYMAN ENERIO GATTUSO & HIRZEL LLP

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Joseph D. Pizzurro (*pro hac vice* pending)
Kevin A. Meehan (*pro hac vice* pending)
Juan O. Perla (*pro hac vice* pending)
Aubre G. Dean (*pro hac vice* pending)
Allesandra D. Tyler (*pro hac vice* pending)
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

/s/ Samuel T. Hirzel, II
Samuel T. Hirzel, II (#4415)
Brendan Patrick McDonnell (# 7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law
bmcdonnell@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

Dated: October 23, 2023